# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| THE VARIABLE ANNUITY LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) Case No.: 4:13-CV-2041-VEH |
| v. | ) ) |
| MARTHA LYNN PARRISH, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The plaintiff ("VALIC") has filed a motion for default judgment (doc. 18) that is presently before the court. Under Federal Rule of Civil Procedure 55, VALIC asks that either the Clerk of Court or this court enter a default judgment against the defendant (Ms. Parrish) in the amount of $383,326.68. For the following reasons, the court will **GRANT** VALIC's motion and **TERM AS MOOT** VALIC's motion to expedite default judgment (doc. 19). The court will enter a contemporaneous order in accordance with this opinion.

### STANDARD OF REVIEW

The Clerk has entered default against Ms. Parrish. Doc. 15. The court thus accepts as true VALIC's factual allegations and considers Ms. Parrish's liability

established. *See, e.g.*, *AutoTec, L.L.C. v. Auction Access Auto, Inc.*, 2:12-cv-00896-RDP, 2012 WL 2357951, at *2 (N.D. Ala. June 18, 2012) ("Upon default, the well-pleaded allegations of a complaint are taken as true . . . Because Defendants have previously been declared in default . . . their liability is established.") (internal citations omitted); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 (3d ed. 1998) ("If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

## STATEMENT OF THE CASE

### I.   Factual Background

With this standard in mind, the court summarizes the following basic facts regarding the case. Ms. Frances D. Campbell maintained three retirement accounts with VALIC. Doc. 1 ¶ 5. At all relevant times to this case, her three accounts had a total death benefit amount of at least $383,326.68. *Id.* The beneficiary listed on the accounts was "Martha Parrish" – Ms. Campbell's sister, whose full name was Martha Elizabeth Parrish. *Id.* ¶ 6. Martha Elizabeth Parrish died on or about October 24, 1998. *Id.* ¶ 7. However, her name remained as the designated beneficiary on Ms. Campbell's VALIC accounts. *Id.* Ms. Campbell herself died on or about April 17, 2012. *Id.* ¶ 8.

Posing as the true beneficiary of the VALIC accounts, Ms. Parrish completed a death claim form and returned it to VALIC for payment. *Id.* ¶ 10. Ms. Parrish had no interest in or claim to the retirement accounts. *Id.* Based on the representations Ms. Parrish made in her death claim form, VALIC paid her the proceeds from Ms. Campbell's accounts. *Id.* ¶ 11. Specifically, VALIC transferred her three separate checks totaling $383,326.68. *Id.* ¶ 12. Some or all of these funds appear to have been deposited with a Wells Fargo Bank, N.A., branch in Boaz, Alabama, where Ms. Parrish resides. *Id.*

After VALIC paid Ms. Parrish the above funds, VALIC was contacted by a law firm representing Katherine Parrish, who claims to be the sole surviving heir of Ms. Campbell's estate. *Id.* ¶ 13. The law firm informed VALIC that Martha Elizabeth Parrish predeceased Ms. Campbell. *Id.* In response to this news, VALIC contacted Ms. Parrish on multiple occasions in order to retrieve the funds it mistakenly disbursed to her. *Id.* ¶ 14. However, she has not returned the money. *Id.*

## II.  Procedural History

On November 7, 2013, VALIC simultaneously filed a Complaint against Ms. Parrish and a motion for writ of seizure, writ of attachment, or temporary restraining order. Docs. 1, 2. The court denied this motion on November 8, 2013. Doc. 9. On December 6, 2013, the court ordered VALIC to show cause why the case should not

be dismissed for failure to prosecute. Doc. 12. In response, on December 12, 2013, VALIC filed a motion (doc. 13) asking this court for permission to file its application for entry of default and default judgment under seal – which the court granted on that day (*see* margin entry dated 12/12/13). VALIC then filed a sealed motion for entry of default on that day. Doc. 14. That motion was served on Ms. Parrish. *Id.* at 8. The Clerk entered default against Ms. Parrish on December 13, 2013. Doc. 15. The Clerk's Entry of Default was served on Ms. Parrish on December 13, 2013, by certified mail (*see* margin entry dated 12/13/13), which was returned as unclaimed mail (*see* margin entry dated 1/9/14). VALIC filed a response to the court's Show Cause Order on December 18, 2013. Doc. 16. On December 20, VALIC filed the present motion under seal. Doc. 17.  That motion was served on Ms. Parrish. *Id.* at 9. On January 17, 2014, VALIC filed a motion to expedite default judgment against Ms. Parrish. Doc. 19. That motion was served on Ms. Parrish. *Id.* at 5.

## DISCUSSION

### I. Introduction

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. It provides, in pertinent part:

> (a) **Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must

enter the party's default.

(b) **Entering a Default Judgment.**

(1) **By the Clerk**. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) **By the Court.** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it needs to:

    (A) conduct an accounting;
    (B) determine the amount of damages;
    (C) establish the truth of any allegation by evidence; or
    (D) investigate any other matter.

Fed. R. Civ. P. 55.

The court's analysis of VALIC's Motion involves two steps. The court must:

- establish it has personal and subject matter jurisdiction; and then

- ensure that VALIC has satisfied Rule 55 requirements and is thus entitled to the default judgment it seeks.

*See Univ. of South Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t

is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.") (citations omitted); *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[1] (explaining that "a defendant's default does not in itself warrant the court entering a default judgment" and that "[t]here must be a sufficient basis in the pleadings for the judgment entered") (footnote omitted).

## II. The Court Has Jurisdiction Over This Action.

### A. *Personal Jurisdiction*

The court must establish personal jurisdiction in every case before it has power to render any judgment. *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). A court obtains personal jurisdiction over the parties when the plaintiff properly serves the Complaint and Summons upon the defendant. *Royal Lace Paper Works v. Pest-Guard Prods.*, 240 F.2d 814, 816 (5th Cir. 1957)[2]. The record shows that VALIC served Ms. Parrish with a Summons and copy of the Complaint on or around November 13, 2013. Doc. 11. Accordingly, the court has personal jurisdiction over the parties.

### B. *Subject Matter Jurisdiction*

---

[1] This decision constitutes binding precedent within this Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

[2] This decision constitutes binding precedent within this Circuit. *See* note 1, *supra*.

Federal courts have subject matter jurisdiction over civil suits between "citizens of different States" where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . ." 28 U.S.C. § 1332. VALIC is a Texas company with its principal place of business in Houston, Texas. It is thus a citizen of the State of Texas for jurisdictional purposes. Moreover, VALIC maintains – upon information and belief – that Ms. Parrish is a resident of Boaz, Alabama. She is thus a citizen of the State of Alabama for jurisdictional purposes. Finally, VALIC provides documentary evidence in its motion that it paid Ms. Parrish a total amount of $383,326.68. A sum exceeding $75,000 is therefore "in controversy." In light of all these facts, the court finds that it has subject matter jurisdiction over the case.

**III.   The Clerk Properly Entered Default Against Ms. Parrish.**

Rule 55(a) directs the Clerk of Court to enter a party's default when that party has "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise ." Fed. R. Civ. P. 55(a). As noted, VALIC properly served Ms. Parrish on November 13, 2013. Doc. 11. Ms. Parrish then failed to respond to the Complaint within 21 days of service, as required by Rule 12(a). *See* Fed. R. Civ. P. 12(a)(1)(A)(I). VALIC affirmed this fact through an affidavit filed by its Thomas Butler, its attorney. Doc. 17 at 12. The Clerk of Court thus properly entered default against Ms. Parrish.

## IV.  VALIC Is Entitled to a Default Judgment Against Ms. Parrish.

### A.  *Ms. Parrish is properly subject to default judgment.*

Rule 55(b)(1) prohibits the Clerk from entering default judgment against a defendant who is either a minor or an incompetent person. Fed. R. Civ. P. 55(b)(1). Rule 55(b)(2) permits the court to enter such judgment only when the person is represented by "a general guardian, conservator, or other like fiduciary who has appeared." Fed. R. Civ. P. 55(b)(2). VALIC maintains that Ms. Parrish is neither a minor nor an incompetent. To this end, it submits an affidavit offered by Susan Skaggs, whose title with the company is "Vice President, Operations for VALIC and Western National Life Insurance Company." Doc. 17 at 15. In her affidavit, Ms. Skaggs affirms the following:

- She is responsible for the "Death Claims" and "Contract Owner Services" departments;

- Ms. Parrish is not a minor; and

- She has "no reason to believe" Ms. Parrish is incompetent.

*Id.* at 15-16. On the final point, Ms. Skaggs attests that she derives this conclusion "[b]ased on [her] personal review of the relevant books and records, including the claim form completed by [Ms. Parrish] and the checks endorsed by her and presented to Wells Fargo Bank, N.A., as well as [her] experience in insurance claims and

8

contract owner services." *Id.* at 16. Such an affirmation adequately establishes that Ms. Parrish is neither a minor nor an incompetent for Rule 55 purposes. *See FirstBank P.R. v. Jaymo Props., LLC*, 379 F. App'x 166, 170 (3d Cir. 2010) (unpublished) (holding that an affidavit or affirmation from the party seeking default judgment (or its attorney) claiming in good faith that the non-responsive defendant is a competent adult satisfies Rule 55, despite being founded on "information and belief" rather than personal knowledge).

### B.     *VALIC has stated a proper cause of action against Ms. Parrish.*

Rule 55(b)(2) allows the court to enter a default judgment when the Clerk has entered default and the party seeking judgment has applied to the court for a default judgment. Fed. Riv. Civ. P. 55(b)(2). To determine whether the moving party is actually entitled to a default judgment, the court must review the sufficiency of the Complaint and its underlying merits. *See Stegeman v. Georgia*, 290 F. App'x 320, 323 (11th Cir. 2008) (unpublished) (citing *Nishimatsu*, 515 F.2d at 1206). "[A] defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (unpublished) (internal quotation marks, citation, and footnote omitted). However, the court has "an obligation to assure that there is a legitimate basis for any damage award it enters . . ." and therefore cannot rotely accept the plaintiff's legal

conclusions. *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (citations omitted). Rather, "the district court must ensure that the well-pleaded allegations in the complaint . . . actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec.*, 218 F. App'x at 863.

VALIC is entitled to a default judgment against Ms. Parrish. In its Complaint, it claims that:

- Ms. Parrish misrepresented (or fraudulently concealed) the fact that she was not the true beneficiary of Ms. Campbell's VALIC accounts;

- VALIC justifiably relied on her misrepresentations and/or concealment;

- Ms. Parrish unlawfully converted the funds VALIC erroneously sent her; and

- She unjustly enriched herself in the process.

Doc. 1 ¶¶ 15-32. Assuming the truth of VALIC's well-pleaded factual allegations, it has sufficiently corroborated these claims. The court will systematically review each claim to illustrate this conclusion.

    *1.    Misrepresentation*

In Alabama, a party alleging fraud by misrepresentation must prove that:

- the defendant made a false representation concerning an existing material fact;

- the defendant made that misrepresentation while knowing that it was false, or made it recklessly, or made it with no knowledge as to its truth or falsity;

- the plaintiff reasonably relied on the misrepresentation; and

- the plaintiff incurred damage proximately caused by the reliance.

*Luck v. Primus Auto. Fin. Servs., Inc.*, 763 So. 2d 243, 245-46 (Ala. 2000) (citing *Ex parte Gov't Employees Ins. Co.,* 729 So. 2d 299, 304 (Ala.1999)). Assuming the truth of VALIC's well-pleaded factual allegations, Ms. Parrish fraudulently misrepresented a material fact when she claimed to VALIC – in her death claim form, in phone calls, and in other correspondence – that she was the true beneficiary of Ms. Campbell's accounts and entitled to the funds therein. Moreover, given the resemblance of Ms. Parrish's legal name (Martha Lynn Parrish) to that listed as the beneficiary on Ms. Campbell's accounts (Martha Elizabeth Parrish), VALIC justifiably relied on Ms. Parrish's misrepresentations. Finally, these misrepresentations proximately caused damage to VALIC by inducing it to send Ms. Parrish three checks totaling $383,326.68. The court will thus grant VALIC default judgment against Ms. Parrish on this count.

   2.   *Suppression/Concealment*

To establish a prima facie case of fraudulent concealment of a material fact, a plaintiff must show that:

11

- the defendant had a duty to disclose a material fact;

- the defendant concealed or failed to disclose a material fact;

- the defendant's concealment or failure to disclose the material fact induced the plaintiff to act or to refrain from acting; and

- the plaintiff suffered actual damage as a proximate result.

*Soniat v. Johnson–Rast & Hays*, 626 So. 2d 1256, 1258-59 (Ala. 1993) (citation omitted). "A duty to disclose may arise from the particular circumstances of the case, from a confidential relationship, or from a request for information." *Dodd v. Nelda Stephenson Chevrolet, Inc.*, 626 So. 2d 1288, 1293 (Ala. 1993) (citations omitted). One may also recover for fraudulent concealment by showing active concealment of a material fact with an intent to deceive or mislead. *Id.* at 1293-94 (citations omitted).

Assuming the truth of VALIC's well-pleaded factual allegations, Ms. Parrish fraudulently concealed that she was not the true beneficiary of Ms. Campbell's accounts. Given that she knew she was not the true beneficiary, the court infers that she had an intent to deceive or mislead VALIC. She thus had a duty to disclose her true identity, which she failed to do. And, as noted, VALIC suffered actual damage as a proximate result. The court will thus grant VALIC default judgment against Ms. Parrish on this count.

### 3. Unjust Enrichment

In order for a plaintiff to prevail on a claim of unjust enrichment, the plaintiff must show that "the defendant holds money which, *in equity and good conscience,* belongs to the plaintiff or holds money which was improperly paid to defendant because of *mistake or fraud.*" *Mantiply v. Mantiply*, 951 So. 2d 638, 654 (Ala. 2006) (quotations omitted) (emphasis in original). *"*The doctrine of unjust enrichment is an old *equitable* remedy permitting the court in equity and good conscience to disallow one to be unjustly enriched at the expense of another." *Id.* (quotation omitted) (emphasis in original).

"One is unjustly enriched if his retention of a benefit would be unjust." *Welch v. Montgomery Eye Physicians, P.C.*, 891 So. 2d 837, 843 (Ala. 2004) (quotation omitted). The retention of a benefit is unjust if:

- the donor of the benefit acted under a mistake of fact or in misreliance on a right or duty; or

- the recipient of the benefit engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship.

*Id.* (quotation omitted). The success or failure of an unjust-enrichment claim depends on the particular facts and circumstances of each case. *Mantiply*, 951 So. 2d at 655 (citation omitted).

Assuming the truth of VALIC's well-pleaded factual allegations, Ms. Parrish unjustly enriched herself at VALIC's expense. In other words, she obtained (and

currently holds) money that VALIC paid to her because of her fraud. Allowing her to retain these funds would be unjust because VALIC only gave them to her based on its mistaken belief that it legally owed her the money under Ms. Campbell's death benefit policy. Given these facts, the court will grant VALIC default judgment against Ms. Parrish on this count.

### 4. Conversion

To sustain a claim of conversion in Alabama, a plaintiff must prove:

- a wrongful taking;
- an illegal assertion of ownership;
- an illegal use or misuse of another's property; or
- a wrongful detention or interference with another's property.

*Drennen Land & Timber Co. v. Privett*, 643 So. 2d 1347, 1349 (Ala. 1994) (citations omitted). Once again assuming the truth of VALIC's well-pleaded factual allegations, Ms. Parrish unlawfully converted the funds from VALIC's accounts when she illegally obtained those funds by misrepresenting her identity to VALIC. And she further refuses to return the funds – which rightly belong to VALIC. Given these facts, the court will grant VALIC default judgment against Ms. Parrish on this count.

## V. The Court Will Grant VALIC $383,326.68 in Damages.

VALIC requests the sum certain amount of $383,326.68. Doc. 17 at 2. As

noted, it corroborates this amount by submitting (1) Ms. Skaggs's affidavit, in which she vouches that this was the amount of proceeds paid to Ms. Parrish by VALIC; and (2) "true and correct" copies of the checks endorsed by Ms. Parrish. Doc. 17 at at 15-24. These three checks denote the following amounts: $238,881.92; 112,539.04; $31,905.72. *Id.* at 19, 21, 23. These amounts in turn total $383,326.68. The court finds, therefore, that this is the amount Ms. Parrish justly owes VALIC. The court will enter a default judgment order contemporaneously with this opinion reflecting these awards.

    **DONE** this the 21st day of February.

                                              **VIRGINIA EMERSON HOPKINS**
                                              United States District Judge